1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

TABA KARRON HERBERT,

12

Petitioner,

13

v.

14

M. BITER, Warden

15

Respondent.

Civil No.    12-0788 LAB (WVG)

**ORDER DISMISSING CASE
WITHOUT PREJUDICE AND WITH
LEAVE TO AMEND**

16

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas

17

Corpus pursuant to 28 U.S.C. § 2254.

18

**FAILURE TO SATISFY FILING FEE**

19

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma

20

pauperis.  This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or

21

qualified to proceed in forma pauperis. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

22

**FAILURE TO USE PROPER FORM**

23

Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with

24

the Local Rules of the United States District Court for the Southern District of California. *See*

25

Rule 2(c), 28 U.S.C. foll. § 2254.  In order to comply with the Local Rules, the petition must be

26

submitted upon a court-approved form and in accordance with the instructions approved by the

27

Court.  Presently, Petitioner has submitted an application for writ of habeas corpus on a non-

28

approved form.

1    **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

2    Further, habeas petitioners who wish to challenge either their state court conviction or the

3    length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C.

4    § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  Ordinarily, to satisfy the

5    exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state

6    court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains

7    available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).  Moreover,

8    to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more

9    of his or her federal rights have been violated.  For example, "[i]f a habeas petitioner wishes to

10   claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law</u>

11   <u>guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but

12   in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added).

13   Nowhere on the Petition does Petitioner allege that he raised his claims in the California

14   Supreme Court.  The documents contained in the petition indicate he has submitted the claims

15   in his petition to the San Diego Superior Court and the California Court of Appeal for the Fourth

16   Appellate District, Division One.  (*See* Pet. at 2-4.)  If Petitioner has raised his claims in the

17   California Supreme Court he must so specify.

18   Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death

19   Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ

20   of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation

21   period shall run from the latest of:

22        (A) the date on which the judgment became final by the
          conclusion of direct review or the expiration of the time for seeking
23        such review;

24        (B) the date on which the impediment to filing an application
          created by State action in violation of the Constitution or laws of the
25        United States is removed, if the applicant was prevented from filing
          by such State action;
26
          (C) the date on which the constitutional right asserted was
27        initially recognized by the Supreme Court, if the right has been
          newly recognized by the Supreme Court and made retroactively
28        applicable to cases on collateral review; or

1                    (D) the date on which the factual predicate of the claim or
2  claims presented could have been discovered through the exercise of due diligence.

3  28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

4        The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition

5  is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

6  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

7  when its delivery and acceptance [by the appropriate court officer for placement into the record]

8  are in compliance with the applicable laws and rules governing filings.").  However, absent some

9  other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is

10  pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

11        Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

12  habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to

13  it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll.

14  § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal

15  habeas relief because he has not alleged exhaustion of state court remedies.

16                               **<u>FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM</u>**

17        Moreover, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has

18  failed to allege that his state court conviction or sentence violates the Constitution of the United

19  States.

20        Title 28, United States Code, § 2254(a), sets forth the following scope of review for

21  federal habeas corpus claims:

22          The Supreme Court, a Justice thereof, a circuit judge, or a district
court shall entertain an application for a writ of habeas corpus in
23  behalf of a person in custody pursuant to the judgment of a State
court only on the ground that he is in custody in <u>violation of the</u>
24  <u>Constitution or laws or treaties of the United States.</u>

25  28 U.S.C. § 2254(a) (emphasis added).  *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir.

26  1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800

27  F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim

28  under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of

1  a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the

2  United States." *See* 28 U.S.C. § 2254(a).

3      Here, Petitioner claims that "during sentencing of my court proceedings the judge

4  imposed a restitution fine of $10,000 but never held a hearing to determine if I had the ability

5  to pay such a large amount of money." (Pet. at 1.) This, he alleges, violates California law. (*Id.*

6  at 6-14.) In no way does Petitioner claim he is "in custody in violation of the Constitution or

7  laws or treaties of the United States." 28 U.S.C. § 2254.

8                                   **CONCLUSION**

9      For all the foregoing reasons, the Court **DISMISSES** this case without prejudice and with

10 leave to amend. If Petitioner wishes to proceed with this case, he must submit, **no later than**

11 **June 11, 2012**: (1) a copy of this Order with the $5.00 fee **OR** with adequate proof of his

12 inability to pay the fee; **AND** (2) a First Amended Petition that cures the pleading deficiencies

13 outlined in this Order. ***The Clerk of Court is directed to mail a blank In Forma Pauperis***

14 ***Application and a blank First Amended Petition form to Petitioner along with a copy of this***

15 ***Order.***

16      **IT IS SO ORDERED.**

17

18 DATED: April 5, 2012

19

20                           HONORABLE LARRY ALAN BURNS
                            **United States District Judge**

21

22

23

24

25

26

27

28