|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | UNITED STATES DISTRICT COURT |
| 9 | SOUTHERN DISTRICT OF CALIFORNIA |

```
TABA KARRON HERBERT,              )  Civil No. 12-0788-LAB(WVG)
                                  )
            Petitioner,           )  REPORT AND RECOMMENDATION
                                  )  GRANTING RESPONDENT'S MOTION
v.                                )  TO DISMISS (DOC. NO. 16)
                                  )
MARTIN BITER, Warden,             )
                                  )
            Respondent.           )
                                  )
_____ )
```

Taba Karron Herbert ("Petitioner"), a state prisoner proceeding *pro se*, has filed a Petition For Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Respondent Martin Biter ("Respondent") has filed a Motion to Dismiss the Petition. Petitioner has not filed an Opposition to the Motion to Dismiss.

The Court, having reviewed Petitioner's Petition, Respondent's Motion to Dismiss, and the lodgments presented therewith, finds that Petitioner is not entitled to the relief requested and that Petitioner's Petition is barred by the statute of limitations. Therefore, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED.

I

PROCEDURAL HISTORY

On October 27, 1997, a jury found Petitioner guilty of selling or furnishing cocaine base in violation of California Health & Safety Code § 11352(a). The jury found true that Petitioner had sold cocaine base within the meaning of California Penal Code § 1203.073(b)(7).[1] The trial court found true that Petitioner has one prior prison term conviction [§667.5(b)], and two prior strike convictions [§ 667(b)-(i), 1170.12]. (Respondent's Lodgment No. 1 at 174). On January 26, 1998, the trial court imposed an indeterminate sentence of 25 years to life imprisonment for the offense, an additional one year for the prior prison term enhancement, and a restitution fine of $10,000 to be paid forthwith. (Respondent's Lodgment No. 1 at 177).

On September 4, 1998, Petitioner filed an appeal in the California Court of Appeal. (Respondent's Lodgments Nos. 2, 3). On December 10, 1998, the Court of Appeal affirmed the conviction. (Respondent's Lodgment No. 4).

On January 2, 1999, Petitioner filed a Petition for Review in the California Supreme Court. (Respondent's Lodgment No. 5). On February 17, 1999, the California Supreme Court denied the Petition for Review. (Respondent's Lodgment No. 6).

On October 18, 1999, Petitioner constructively[2] filed a Petition For Writ Of Habeas Corpus in the San Diego Superior Court.

---

[1] All further references to code sections are to the California Penal Code, unless otherwise noted.

[2] The Court gives Petitioner the benefit of the "mailbox rule" which deems that a petition is constructively filed when it is delivered to prison officials for filing. Houston v. Lack, 487 U.S. 266(1988).

1  (Respondent's Lodgment No. 7). In the Petition, Petitioner claimed
2  that his prior convictions, which pre-dated the enactment of
3  California's Three Strikes Law ("TSL"), could not be used as
4  strikes, resulting in a violation of due process, and that he
5  suffered ineffective assistance of appellate counsel. On November
6  29, 1999, the Superior Court denied the Petition. (Respondent's
7  Lodgment No. 8).

8  On June 5, 2000,[3] Petitioner filed a second Petition for Writ
9  of Habeas Corpus in the San Diego Superior Court. (Respondent's
10 Lodgment No. 9). In the second Petition, Petitioner claimed that his
11 New Jersey conviction did not qualify as a strike, application of
12 the TSL to him violated *ex post facto* laws, he suffered cruel and
13 unusual punishment, his Miranda rights were violated, and he was
14 pressured or coerced into giving statements to the New Jersey
15 Probation Department with regard to his New Jersey conviction. On
16 July 13, 2000, the Petition was denied. (Respondent's Lodgment No.
17 10).

18 On July 13, 2000, Petitioner filed a Petition For Writ Of
19 Habeas Corpus in the California Court of Appeal. (Respondent's
20 Lodgment No. 11). On November 6, 2000, the Court of Appeal denied
21 the Petition. (Respondent's Lodgment No. 12).

22 On June 28, 2002, Petitioner filed in the trial court a
23 Motion to Reconsider his sentence in light of Andrade v. Attorney
24 General, 270 F.3d 743 (9th Cir. 2001) and Brown v. Mayle, 283 F.3d

---

28  [3] See footnote 2. There is no date on the Petition. Therefore, the Court uses June 5, 2000, seven days prior to the filing date on the Petition.

1019 (9th Cir. 2002). (Respondent's Lodgment No. 13 at 3-5). On June 28, 2002, the Motion was denied. (Respondent's Lodgment No. 13 at 7-9).

On November 5, 2002, Petitioner filed a second Petition for Writ of Habeas Corpus in the California Court of Appeal. (Respondent's Lodgment No. 14). Petitioner's appellate counsel filed a brief that did not present an argument for reversal of Petitioner's conviction, but asked the court to review the record for error as mandated by People v. Wende, 25 Cal. 3d 436 and Anders v. California, 386 U.S. 738 (1967). (Respondent's Lodgment No. 14). On November 7, 2002, the Court of Appeal granted Petitioner permission to file his own brief. (Respondent's Lodgment No. 15).[4/] According to the Court of Appeal, Petitioner claimed that there was insufficient evidence to support his conviction of selling a controlled substance, his admission of his New Jersey conviction was not free and voluntary, the New Jersey conviction was not supported by substantial evidence, he suffered ineffective assistance of counsel, the plea bargain underlying the New Jersey conviction was violated in using the conviction as a strike prior in California, the New Jersey conviction was for a misdemeanor and it was conditioned on his co-defendant receiving probation, the trial court failed to hold a hearing to determine his ability to pay a $10,000 restitution fine, his California sentence cannot be enhanced by his New Jersey conviction, and the trial court failed to *sua sponte* instruct the jury on possession of a controlled substance. (Respondent's Lodgment No. 16). On March 7, 2003, the Court of Appeal denied the Petition

---

[4/] Respondent did not provide the Court with a copy of the brief and has stated that he did not have a copy of the brief.

for Writ of Habeas Corpus, stating that there was no justification for the delay in presenting the above-noted claims since they could have been raised in Petitioner's direct appeal, and the record did not explain why appellate counsel failed to raise the claims in Petitioner's prior appeal. (Respondent's Lodgment No. 16, 17).

Petitioner did not file a Petition for Review in the California Supreme Court.

On November 5, 2007, Petitioner filed a third Petition for Writ of Habeas Corpus in the San Diego Superior Court in which he claimed that the restitution order should be modified. (Respondent's Lodgment No. 18). On February 22, 2008, the Petition was denied due to the court's loss of jurisdiction, and with the court's comments that Petitioner cited cases that were no longer good law, the restitution fine was mandatory and no law allowed it to be waived, and that Petitioner failed to contest the restitution fine at the trial court. (Respondent's Lodgment No. 19).

On September 3, 2010, Petitioner filed a fourth Petition for Writ of Habeas Corpus in the San Diego Superior Court. (Respondent's Lodgment No. 20). In the Petition, Petitioner claimed that his plea agreement for his New Jersey conviction was violated because he did not fully understand its consequences in light of the TSL. On November 3, 2010, the Petition was denied for failing to meet the burden of proof, constituting piecemeal litigation and with citations to case law that stand for the propositions that a petition that is repetitious and piecemeal will not be entertained, and that a court may refuse to consider newly presented grounds for relief which were known to a petitioner at the time of a prior collateral attack on the judgment. (Respondent's Lodgment No. 21).

On November 9, 2010, Petitioner filed a third Petition for Writ of Habeas Corpus in the California Court of Appeal. (Respondent's Lodgment No. 22). This Petition contained the same grounds as presented in the September 3, 2010 Petition. On December 14, 2010, the Petition was denied as being procedurally barred, untimely and successive. (Respondent's Lodgment No. 23).

On December 28, 2010, Petitioner filed Petition for Review in the California Supreme Court. (Respondent's Lodgment No. 24). The Petition sought review of the December 14, 2010 decision of the Court of Appeal. The California Supreme Court sent a letter to Petitioner indicating that he needed to file an application requesting relief from default. On January 13, 2011, the Court lost jurisdction before receiving the application. On January 18, 2011, the court closed the matter. (Respondent's Lodgment No. 25).

On February 9, 2011, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court. (Respondent's Lodgment No. 26). In the Petition, Petitioner claimed that his due process rights were violated when the trial court used his New Jersey conviction as a strike, there was a violation of his plea agreement for his New Jersey conviction, he suffered ineffective assistance of appellate counsel and violation of his civil rights by the San Diego Police Department. On July 27, 2011, the Petition was denied with citations to case law that stand for the propositions that untimely, repetitious and piecemeal petitions will not be entertained. (Respondent's Lodgment No. 29).

While the February 9, 2011 Petition was pending, on April 13, 2011, Petitioner filed a fourth Petition for Writ of Habeas Corpus in the California Court of Appeal. (Respondent's Lodgment No. 27).

On May 12, 2011, the Petition was denied because it was untimely, repetitious, and successive. (Respondent's Lodgment Nos. 28, 29).

On August 16, 2011, Petitioner filed a fourth Petition for Writ of Habeas Corpus in the San Diego Superior Court. (Respondent's Lodgment No. 30). In the Petition, Petitioner claimed that he was denied proper medical care in violation of the Eighth Amendment, and pleaded for immediate release due to a then-recent United States Supreme Court case. On October 25, the Petition was denied. (Respondent's Lodgment No. 31).

On May 10, 2012, Petitioner filed a second Petition for Writ of Habeas Corpus in the California Supreme Court. (Respondent's Lodgment No. 32).  On August 8, 2012, the Petition was denied as untimely, repetitious, piecemeal, containing only vague and conclusory allegations, and containing claims that could have been presented in prior appeals, but were not. (Respondent's Lodgment No. 33).

Prior to the California Supreme Court's denial of the May 10, 2012 Petition for Writ of Habeas Corpus, on March 29, 2012, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. On April 6, 2012, the Court dismissed the Petition without prejudice because Petitioner failed to satisfy the filing fee requirement, failed to use the proper form, failed to allege exhaustion of his state court remedies, and failed to state a cognizable federal claim.

On May 11, 2012, Petitioner paid the filing fee. On August 14, 2012, Petitioner filed the First Amended Petition that is now before the Court. On November 14, 2012, Respondent filed a Motion to Dismiss the First Amended Petition.

II

PETITIONER'S PETITION IS BARRED

BY THE STATUTE OF LIMITATIONS

1. The AEDPA's One-Year Statute of Limitations

Respondent argues that the Petition is barred by the Antiterrorism and Effective Death Penalty Act's ("the AEDPA") statute of limitations. The provisions of the AEDPA apply to petitions for writs of habeas corpus filed in federal court after the AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 2068 (1997). Therefore, because the Petition was filed on August 27, 2010, the AEDPA applies to this case.

Prior to the enactment of the AEDPA on April 24, 1996, "state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), cert. denied, 118 U.S. 897 (1998), *overruled on other grounds by* Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). "[D]elays of more than a decade did not necessarily bar a prisoner from seeking relief." Id.

With enactment of the AEDPA, a state prisoner's time frame for seeking federal habeas relief was dramatically limited. The AEDPA amended 28 U.S.C. § 2244 by, in part, adding subdivision (d), which provides for a one-year limitation period for state prisoners to file habeas corpus petitions in federal court. Section 2244(d) states, in pertinent part:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

8

12cv0788

```
            (A)  the date on which the judgment became
                 final by the conclusion of direct review
                 or the expiration of the time for seeking
                 such review;

            (B)  the date on which the impediment to
                 filing an application created by State
                 action in violation of the Constitution or
                 laws of the United States is removed, if
                 the applicant was prevented from filing by
                 such State action;

            (C)  the date on which the constitutional
                 right asserted was initially recognized by
                 the Supreme Court, if the right has been
                 newly recognized by the Supreme Court and
                 made retroactively applicable to cases on
                 collateral review; or

            (D)  the date on which the factual predi-
                 cate of the claim or claims presented could
                 have been discovered through the exercise
                 of due diligence.

       (2)  The time during which a properly filed applica-
            tion for State post-conviction or other collateral
            review with respect to the pertinent judgment or claim
            is pending shall not be counted toward any period of limita-
            tion under this subsection.
```

Petitioner's conviction became final at the end of the time he could have sought review by the United States Supreme Court of the California Supreme Court's denial of his Petition for Review on his direct appeal. On February 17, 1999, the California Supreme Court denied the Petition for Review. Petitioner had 90 days to seek review in the United States Supreme Court. <u>Wixom v. Washington</u>, 264 F.3d 894, 897 (9th Cir. 2000); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999). Therefore, Petitioner's conviction was final on May 18, 1999, 90 days after February 17, 1999.

Therefore, absent tolling, Petitioner had one year or until May 18, 2000, to file his Petition For Writ of Habeas Corpus in this Court. However, as explained in detail below, Petitioner waited a

dozen years to file the Petition that is now before the Court, thus making it untimely and barred by the statute of limitations.

Petitioner filed multiple petitions for post-conviction relief in the California Superior, Appellate, and Supreme Courts. The statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court. Under the holding of <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects petitioner's final collateral challenge," provided the petitions were properly filed and pending during that entire time. The statute of limitations is <u>not</u> <u>tolled</u> from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case "pending" during that interval. <u>Nino</u>, 183 F.3d at 1006

The meaning of the terms "properly filed" and "pending" in <u>Nino</u> have been clarified by the United States Supreme Court. In <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), the Court held that the time between denial in a lower California court and the filing of a subsequent petition in the next higher court does not toll the statute of limitations, if the petition is ultimately found to be untimely. <u>Id.</u> at 223-226. In <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005), the Court held that statutory tolling is not available for the period a petition is under consideration, if it is dismissed as untimely. <u>Id.</u> at 413.

In <u>Evans v. Chavis</u>, 546 U.S. 189 (2006), the Court held that in the absence of a clear indication by the California Supreme Court that a petition is untimely, "the federal court must itself examine

1 the delay in each case and determine what the state courts would
2 have held in respect to timeliness." Id. at 197. The Evans Court
3 gave some guidance in making that determination: federal courts must
4 assume (until the California courts state otherwise) that California
5 law regarding timeliness does not differ significantly from other
6 states which use thirty or sixty day rules for untimeliness and, a
7 six month unexplained delay is presumptively unreasonable.

8     Statutory tolling is unavailable for the interval between
9 successive filings in the same court. Dils v. Small, 260 F.3d 984,
10 986 (9th Cir. 2001); Camacho v. Hernandez, 2009 WL 192483 at *4 (S.D.
11 Cal. 2009).

12     However, the Ninth Circuit applies a two part test to
13 determine whether the period between the denial of one petition and
14 the filing of a second petition in the same court should be tolled.
15 Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010), citing Hamerle v.
16 Schriro, 495 F.3d 1069, 1075 (9th Cir. 2007). First, the court must
17 ask whether the petitioner's subsequent petitions are limited to an
18 elaboration of the facts relating to the claims in the first
19 petition. King v. Roe, 340 F. 3d 821, 823 (9th Cir. 2003). If the
20 petitions are not related, the subsequent petition constitutes a new
21 round of collateral attack, and the time between them is not tolled.
22 Banjo, supra, at 969, citing Hemerle, supra, at 1075. If the
23 successive petition was attempting to correct deficiencies of a
24 prior petition, then the petitioner is still making "proper use of
25 state court procedures" and habeas review is still pending. Banjo,
26 supra, at 969, citing King, supra, at 823.

27     Petitioner's first petition for relief after his convictions
28 and sentence became final was filed on October 18, 1999 in the San

Diego Superior Court. On November 29, 1999, the Superior Court denied the Petition. From May 18, 1999 (the date Petitioner's convictions and sentence became final) to October 18, 1999, (the date Petitioner filed a Petition for Writ of Habeas Corpus in the San Diego Superior Court) (**5 months)**, the statute of limitations was **not tolled** because there was no case pending during that interval. Nino, 183 F.3d at 1006.

Petitioner waited until July 13, 2000 to file a Petition for Writ of Habeas Corpus in the California Court of Appeal. On November 6, 2000, the Court of Appeal denied the Petition. From November 29, 1999 (the date the San Diego Superior Court denied the Petition for Writ of Habeas Corpus) to July 13, 2000 (the date Petitioner filed the Petition for Writ of Habeas Corpus in the California Court of Appeal), **(7 months, 14 days)**, the statute of limitations was not tolled because a six month (or more) delay is presumptively unreasonable and does not toll the statute of limitations. Evans, 546 U.S. at 197.

From November 6, 2000 to June 28, 2002, Petitioner did nothing to pursue his Petitions for Writs of Habeas Corpus in the California courts. From November 6, 2000 to June 28, 2002, **1 year, 7 months, 22 days** elapsed. During this time, the statute of limitations was not tolled because a six month delay (or more) is presumptively unreasonable and does not toll the statute of limitations. Evans, 546 U.S. at 197.[5]

On June 28, 2002, Petitioner filed in the trial court a Motion to Reconsider his sentence in light of then-new case law. On

---

[5] By this time, the statute of limitations was not tolled for 2 years, 1 month, 6 days.

that same date, the Motion was denied. Since it appears that Petitioner was attempting to pursue his state court remedies by filing the Motion in the trial court, the Court will give Petitioner the benefit of the doubt that the statute of limitations was tolled on June 28, 2002.

Between June 28, 2002 to May 10, 2012, Petitioner filed numerous Petitions for Writs of Habeas Corpus in the San Diego Superior, California Appellate and Supreme Courts. These Petitions were denied either on the merits, or because they were untimely, repetitious, piecemeal, successive, procedurally barred, vague, contained only conclusory allegations, and contained claims that could have been presented in prior appeals, but were not. From June 28, 2002 to May 10, 2012, **9 years, 10 months, 12 days** elapsed. The last of these Petitions was denied on April 6, 2012. The statute of limitations was not tolled during this interval because they were successive filings in the same courts, which did not elaborate on the facts related to claims in prior petitions. Dils, supra, at 986, Banjo, supra at 968, King, supra at 823.

Adding together the periods of time when the statute of limitations was **not tolled** (**5 months + 7 months, 14 days + 1 year, 22 days + 9 years, 10 months, 12 days)**, results in a total of **11 years, 11 months and 18 days**, which is well beyond the one year statute of limitations mandated by 28 U.S.C. § 2244(d)(1)(A). Accordingly, Petitioner failed to file his Petition for Writ of Habeas Corpus in a timely fashion and it is therefore barred.

    2.   <u>Petitioner is Not Entitled to Equitable Tolling of the Statute of Limitations</u>

Petitioner does not argue that he is entitled to equitable tolling of the statute of limitations. Respondent argues that

Petitioner's Petition is not entitled to equitable tolling of the statute of limitations.

The U.S. Supreme Court has held that equitable tolling is available under 28 U.S.C. § 2244(d). see Holland v. Florida, 130 S.Ct. 2549, 2554, 2562 (2010). In Holland, the Court recognized equitable tolling of the AEDPA one-year limitations period when the prisoner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. at 2562 (quoting Pace, 544 U.S. at 418). The Ninth Circuit has held that AEDPA's one-year statute of limitations is subject to equitable tolling. Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). However, the Ninth Circuit in Beeler noted that "equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circum-stances' beyond a prisoner's control make it impossible to file a petition on time." Id. [quoting Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996)]. The Beeler court wrote that district judges must "take seriously Congress's desire to accelerate the federal habeas process" and "only authorize extensions when this high hurdle is surmounted." Id. at 1289.

The burden is on Petitioner to show that the "extraordinary circumstances" he has identified were the proximate cause of his untimeliness, rather than merely a lack of diligence on his part. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003). Equitable tolling "is unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107

(9th Cir. 1999). "[T]he threshold necessary to trigger equitable tolling (under AEDPA) is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002).

The obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." <u>Roy v. Lampert</u>, 465 F.3d 964, 972 (9th Cir. 2006) citing <u>Lacava v. Kyler</u>, 398 F.3d 271, 277 (3rd Cir. 2005). When courts assess a habeas petitioner's argument in favor of equitable tolling, they must conduct a "highly fact-dependent" inquiry. <u>Whalem/Hunt v. Early</u>, 233 F.3d 1146, 1148 (9th Cir. 2000), <u>Lott v. Mueller</u>, 304 F.3d 918, 923 (9th Cir. 2002). The extraordinary circumstances must be the "but-for and proximate cause" of the untimely filing. <u>Allen v. Lewis</u>, 255 F.3d 798, 800 (9th Cir. 2001).

Here, Petitioner has not presented anything to the Court to suggest that his Petition is entitled to equitable tolling of the statute of limitations. Consequently, the Court finds that Petitioner's Petition is not entitled to equitable tolling of the statute of limitations.

III

CONCLUSION AND RECOMMENDATION

The decision on Respondent's Motion to Dismiss is not a close call. Waiting approximately 12 years to file the Petition now before the Court without a justifiable reason for the delay violates Congress' intent to encourage and compel timely habeas corpus review.

After a thorough review of the record in this matter, the Court has determined that Petitioner has failed to comply with the

1 AEDPA's statute of limitations and that he is not entitled to
2 equitable tolling of the statute of limitations. 28 U.S.C.A. §
3 2244(d).

4     Accordingly, the Court RECOMMENDS that Respondent's Motion
5 to Dismiss be GRANTED.

6     This Report and Recommendation of the undersigned Magistrate
7 Judge is submitted to the United States District Judge assigned to
8 this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

9     **IT IS ORDERED** that no later than February 28, 2013, any party
10 to this action may file written objections with the Court and serve
11 a copy on all parties. The document should be captioned "Objections
12 to Report and Recommendation."

13     **IT IS FURTHER ORDERED** that any reply to the objections shall
14 be filed with the Court and served on all parties no later than
15 March 8, 2013. The parties are advised that failure to file
16 objections within the specified time may waive the right to raise
17 those objections on appeal of the Court's order. Martinez v. Ylst,
18 951 F.2d 1153 (9th Cir. 1991).

20 DATED: February 4, 2013

                                Hon. William V. Gallo
                                U.S. Magistrate Judge